UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>                    Plaintiff,<br><br>v.<br><br>OCEANSIDE CITY MUNICIPAL,<br><br>                    Defendant. | Case No.:  3:23-cv-02076-RBM-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)**<br><br>**(3) DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**[Doc. 2]** |

On November 9, 2023, Pro Se Plaintiff Jerome L. Grimes ("Plaintiff") filed a Civil Complaint and Jury Demand ("Complaint") against Oceanside City Municipal.  (Doc. 1.) In his Complaint, Plaintiff seems to allege that various officers and agents of the Oceanside Police Department towed his automobile, rendering Plaintiff temporarily homeless. (*Id.* at

1

7, 9.) Plaintiff also appears to assert claims of racial discrimination in violation of his civil rights. (*Id.* at 2, 4, 8.) In support of his claims, Plaintiff attaches a citation he received from the City of Oceanside Parking Enforcement for two violations: (1) expired registration and (2) no license plate. (*Id.* at 15.)

The same day, Plaintiff filed an Application to Proceed in District Court with Prepaying Fees or Costs ("IFP Application"). (Doc. 2.) In his IFP Application, Plaintiff declares that he has no income and that he has 17 cents in his "B of A" checking account. (*Id.* at 1–2.) Plaintiff also declares that he has total monthly expenses of $1,100. (*Id.* at 5.)

## I. LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $405[1] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." Civ. L.R. 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). The Court addresses each issue in turn.

## II. DISCUSSION

### A. Plaintiff's IFP Application

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

(1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id*. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) ("The granting or denial of leave to proceed [IFP] in civil cases is within the sound discretion of the district court.").

Here, Plaintiff has declared that he has no income and that he has $1,100 in monthly expenses. (Doc. 2 at 2, 5.) Plaintiff also alleges that he is temporarily homeless. (Doc. 1 at 9.) Therefore, the Court finds that Plaintiff "cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Plaintiff's IFP Application is **<u>GRANTED</u>**.

B.    Screening Under 28 U.S.C. § 1915(e)

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under this provision, the Court must dismiss complaints that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

1.  **Frivolity**

"The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted). "A complaint ... is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed ... simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit .... [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Here, Plaintiff's claims revolve around the wrongful towing of his automobile, which rendered him temporarily homeless, and racial discrimination by the Oceanside Police Department. The Court finds that both allegations are frivolous. First, Plaintiff's own exhibit contradicts his allegations regarding the wrongful towing of his automobile. Plaintiff attaches a citation showing that Plaintiff's automobile's registration was expired and that it had no license plate. (Doc. 1 at 15.) Second, Plaintiff's claims appear fantastical, delusional, irrational, and incredible. *See Denton*, 504 U.S. at 32–33. On one hand,

Plaintiff claims that he is a "B.A., & MBA, & PhD Doctoral Graduate Student at CU" residing in Louisiana (*see* Doc. 1 at 2, 4), but, on the other hand, Plaintiff claims to be homeless in or around Oceanside, California (*see id.* at 9). Plaintiff also alleges that the Oceanside police have been tormenting his "spirit and soul" and that they have "covert plots to sabotage Plaintiff's rights to PhD graduate school without economic espionage act violations[.]" (*Id.* at 2.) Plaintiff also includes allegations about "Personal Bodily Fluids/Urinals & Spit Cups" (*id.* at 4) and "An Nur/Theology/Trinity" (*id.* at 9). The Court finds these claims are frivolous and call into question the legitimacy of Plaintiff's Complaint more broadly.

Additionally, because Plaintiff's allegations are fanciful and delusional, "'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Sandoval v. Castillo*, No. 08cv1622-WQH-NLS, 2008 WL 4790521, at *1 (S.D. Cal. Nov. 3, 2008) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)). Based on the foregoing, the Court **DISMISSES** Plaintiff's Complaint **without leave to amend**.

### 2.   Failure to State a Claim—Federal Rule of Civil Procedure 12(b)(6)

"'Frivolousness' under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts." *Austin v. Chesney*, Case No. 22-cv-02506-LB, 2022 WL 3205201, at *2 (N.D. Cal. May 2, 2022). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While the Court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements

of claims that were not initially pled[,]" *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As stated above, Plaintiff's claims revolve around the wrongful towing of his automobile, which rendered him temporarily homeless, and racial discrimination by the Oceanside Police Department. However, Plaintiff's own exhibit contradicts his allegations regarding the wrongful towing of his automobile, and Plaintiff's conclusory claims of racial discrimination are unsupported by specific factual allegations. Plaintiff also does not enumerate specific causes of action.[2] Therefore, the Court finds that Plaintiff has failed to state any claims, and Plaintiff's Complaint must be **DISMISSED**.

**3.  Immunity**

To the extent that Plaintiff intends to pursue a claim against the Oceanside Police Department under 42 U.S.C. § 1983 (*see* Doc. 1 at 7 ("At all relevant times, [the Oceanside Police Department Defendant was] acting under color of law …."); *see id.* at 3, 5, 8 (discussing the Oceanside Police Department's "vicarious liability")), such a claim also fails because "§ 1983 does not employ a theory of respondeat superior liability; a municipal entity cannot he held liable for the actions of its agents or employees alone." *Wainscott v. Cnty. of San Diego*, Case No. 3:20-cv-1359-GPC-WVG, 2020 WL 5747389, at *3 (S.D. Cal. Sept. 25, 2020) (citations omitted). "[T]o demonstrate liability [against a municipal entity], § 1983 compels a Plaintiff to allege some municipal policy or custom affected the alleged civil rights violation as opposed to the individual actions of those employed by the entity." *Id.* However, Plaintiff does not include any allegations regarding the policies or customs of the Oceanside Police Department in his Complaint. Therefore, as alleged, the

---

[2] While Plaintiff states, "[t]his action is brought pursuant to Title VI of the Educational Amendments of the Federal School Code pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et seq., and California law" (Doc. 1 at 5), Plaintiff does not allege facts supporting the elements of a racial discrimination claim.

Oceanside Police Department is immune from liability for any alleged violation of 42 U.S.C. § 1983, and Plaintiff's must be **DISMISSED**.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's IFP Application is **GRANTED**, but Plaintiff's Complaint is **DISMISSED** without leave to amend. *See Sandoval*, 2008 WL 4790521, at *1. The Clerk of the Court is **ORDERED** to close the case.

**IT IS SO ORDERED.**

DATE:  October 2, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE